IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MEREACOS REED,

     Plaintiff,

v.                                                            CASE NO. 1:16-cv-142-MW-GRJ

RONALD A. MCDONALD,
SECRETARY, DEPT. OF
VETERANS AFFAIRS,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This case, filed pursuant to 42 U.S.C. § 1981, is before the Court on

Plaintiff's second motion to proceed *in forma pauperis* and the affidavit of

financial status attached to the motion. (ECF No. 5.) Plaintiff represents

that she is unable to make prepayment of the fees and costs of pursuing

this action and, therefore, requests that the Court authorize her to proceed

*in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, the Court "*may* authorize the

commencement, prosecution or defense of any suit, action or proceeding .

. .  without prepayment of fees or security therefor, by a person who

submits an affidavit that includes a statement of all assets." (Emphasis

added). The Court has carefully reviewed Plaintiff's affidavit of financial

status and concludes that Plaintiff has *not* met the burden of showing that

she is unable to pay the filing fees and costs associated with pursuing this

action.

The affidavit of financial status discloses that Plaintiff is currently

employed by the Malcom Randall VA Medical Center, North Florida/South

Georgia Veterans Health System, and has an annual income of

approximately $38,000.[1] Plaintiff also represents that she owns a 2003

Toyota Camry, valued at $3,000, with nothing owed on the vehicle. Further,

Plaintiff's spouse is currently employed and has a monthly income of

approximately $6,000. Plaintiff estimates that her monthly expenses total

approximately $1,460, far less than her monthly income.

While the equity in the vehicle cannot be used to pay the filing fee,

Plaintiff's income is more than sufficient to pay the $400 filing fee. Although

Plaintiff also discloses that she has various debts, the Court concludes that

---

[1] Although Plaintiff represented that her monthly income was $38,000 in response to the question on the affidavit asking her to identify her monthly income the Court assumes that Plaintiff incorrectly listed her annual income.  (ECF No. 3.) It makes no difference in the Court's analysis. If Plaintiff's monthly income was $38,000 she also would not qualify to proceed in forma pauperis.

afer consideration of Plaintiff's financial status, she has the financial means to pay the $400 filing fee.

Based upon the foregoing information disclosed by Plaintiff on her affidavit of financial status, the Court finds that Plaintiff has not met her burden of showing that she is unable to pay the filing fees and costs associated with pursuing her claim. The Court, therefore, concludes that Plaintiff's second motion to proceed *in forma pauperis*, (ECF No. 5), should be denied.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 5), be denied, and that Plaintiff should be directed to pay the $400 filing fee within ten days of the entry of the order addressing this report and recommendation, failing which her complaint should be dismissed.

**IN CHAMBERS**, at Gainesville, Florida, this 29th day of July, 2016.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge