IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MEREACOS REED,

     Plaintiff,

v.                              CASE NO. 1:16-cv-142-MW-GRJ

DEP'T OF VETERANS AFFAIRS,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

     This matter is before the Court on ECF No. 22, Defendant's Motion to Dismiss. Plaintiff has filed a response in opposition, ECF No. 29, and Defendant, with leave of court, has filed a reply, ECF No. 32. The motion is therefore ripe for review. For the reasons explained below, it is respectfully recommended that Defendant's motion to dismiss be granted.

## I. BACKGROUND

     The first amended complaint, ECF No. 21, ("Complaint") brings claims against The Department of Veterans Affairs (the "VA") under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff was employed as a Telemetry Technician at the Malcolm Randall Veterans

Administration Medical Center.  In the Complaint, Plaintiff alleges that Defendant created a hostile work environment in violation of Title VII and that she was disciplined and ultimately terminated in retaliation for EEO activity, also in violation of Title VII.  ECF No. 21 at 3-4.

As grounds for her hostile work environment claim, Plaintiff, who is African-American, alleges that coworkers and supervisors subjected her to harassing conduct including racial and ethnic slurs, mocking Plaintiff's accent, refusing to perform work assigned by Plaintiff, and making false accusations against her.  Such conduct included comments such as "a monkey can do telemetry," being called a "Louisiana voodoo ass," being told that Plaintiff's "presence" gave off a hostile environment, being cursed at in front of staff, being cursed and screamed at by nurses, being told that she (Plaintiff) did not like working with black women so she was placed with white men, and co-workers engaging in "inappropriate" conversations on race, religion, and sexuality in her presence.  ECF No. 21 at 3.

Plaintiff alleges that the retaliatory steps taken against her included: not approving her FMLA leave until she filed an EEO complaint, being written up for not performing assignments of which she was unaware, not being informed when patients were assigned to her or discharged from

telemetry, being micro-managed, having reports against her falsified, and being permanently detailed from telemetry and placed under administrative investigation, ultimately resulting in termination. *Id*. at 3-4.

The VA argues that Plaintiff's hostile work environment claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and that her retaliation claim should be dismissed for failure to exhaust administrative remedies because Plaintiff has an appeal of her termination pending before the Merit Systems Protection Board ("MSPB"). ECF No. 22.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a cause of

action" are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570)). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

### A. *Exhaustion of Retaliation and Termination Claim*

Turning first to the exhaustion issue, Defendant contends that Plaintiff's retaliation claim is unexhausted because she elected to appeal her termination to the MSPB. Defendant submits a copy of Plaintiff's MSPB appeal, which she filed on October 6, 2016, and which remains pending. Defendant argues that Plaintiff's MSPB appeal states that she was terminated out of retaliation for EEO activity, among other reasons, which is the same claim she makes in her Complaint. Defendant contends that because she made a binding election to proceed before the MSPB,

and her appeal is pending, Plaintiff's retaliation claim is due to be

dismissed for failure to exhaust administrative remedies. ECF No. 22 at

12-13; Exhibit 1. In opposition to the motion to dismiss, Plaintiff contends

*inter alia* that the Complaint concerns the retaliatory conduct that *preceded*

her termination, but not the termination itself which she concedes has been

appealed to the MSPB. ECF No. 29.

A federal employee must pursue and exhaust her administrative

remedies as a prerequisite to filing a Title VII action. *See Shiver v.*

*Chertoff*, 549 F.3d 1342, 1344 (11th Cir.2008) ; 29 C.F.R.

§ 1614.105(a)(1). To exhaust her remedies, a federal employee "must

initiate contact with [an EEOC] Counselor within 45 days of the date of the

matter alleged to be discriminatory, or . . . within 45 days of the effective

date of the action." 29 C.F.R. § 1614.105(a)(1). A federal employee who

alleges employment discrimination related to or stemming from an "an

appealable agency action," *i.e*., an action that can be appealed to the

MSPB, presents a "mixed case appeal." 29 C.F.R. § 1614.302(a)(2). The

date on which the employee files her mixed case appeal with the MSPB is

deemed to be the date of initial contact with an EEOC counselor. *Id*. §

1641.302(b). In a mixed case appeal, the final decision from the MSPB

exhausts an employee's administrative remedies and allows her to seek judicial review. *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004). However, federal employees with discrimination claims that are not mixed with an adverse action within the MSPB's jurisdiction must pursue their claims through the EEOC process. *Id.* at 1375 n. 2.

Here, Plaintiff's MSPB appeal of her termination is a mixed case appeal because she alleged in the appeal that her termination was the result of retaliation for engaging in EEO conduct, a violation of Title VII. *See* ECF No. 22 Exhibit 1 at 4.[1]  Contrary to Plaintiff's argument, her claims regarding retaliation and her ultimate termination are "two sides of the same question and must be considered together." *Williams v. Dept. of the Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983).  Thus, this claim is not exhausted, and Plaintiff cannot seek judicial review, until the MSPB issues its final decision. *See Chappell*, 388 F.3d at 1375.  Accordingly, the motion

---

[1] A district court may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment if (1) the document is central to plaintiff's claim, and (2) its authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005).  Moreover, when considering a Rule 12(b) motion to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes as long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).  Here, the MSPB appeal is plainly central to Plaintiff's claim and Plaintiff has not challenged its authenticity.

to dismiss Plaintiff's retaliation claim as unexhausted is due to be granted.

## B. <u>Failure to State Hostile Work Environment Claim</u>

Defendant argues that Plaintiff has failed to state a *prima facie* case of hostile work environment because the allegations of the Complaint do not plausibly suggest that the alleged harassment was severe and pervasive, her allegations are conclusional and insufficient, and she has not shown that the alleged harassment was based on a protected characteristic. ECF No. 22 at 9-11.

To establish a prima facie case for a hostile work environment under § 1981, Plaintiff must show the following five elements:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment either under a theory of vicarious or of direct liability.

*Miller v. Kenworth of Dothan, Inc*., 277 F.3d 1269, 1275 (11th Cir. 2002).

The requirement that the harassment be severe or pervasive contains both an objective and a subjective component. *Miller,* 277 F.3d at 1275 (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993)).

"Thus, to be actionable, this behavior must result in both an environment 'that a reasonable person would find hostile or abusive' and an environment that the victim 'subjectively perceive[s] . . . to be abusive.'" *Id*. (quoting *Harris*, 510 U.S. at 21-22). In evaluating the objective severity of the harassment, the Court considers (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997) (citing *Harris*, 510 U.S. at 23). In general, isolated incidents or occasional abusive language will not amount to a hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

In this case, accepting the factual allegations of the Complaint as true, the allegations nevertheless fail to establish that the acts alleged by Plaintiff were pervasive or severe, or that the alleged comments and actions were based on her race.

First, as Defendant points out, the Complaint is devoid of any specific information regarding who made the alleged discriminatory comments, when they were made, and how often they occurred. *See* ECF No. 21.

For example, Plaintiff alleges that she was cursed and screamed at in front of staff, and that staff engaged in "inappropriate" conversations in her presence, but there are no factual allegations establishing what was said, when and how often this conduct occurred, who engaged in the conduct, or that it was based on Plaintiff's race. Thus, the Complaint is insufficient for the Court to find that this asserted conduct occurred so frequently and with such severity that it unreasonably interfered with Plaintiff's job performance. *See Allen*, 121 F.3d at 647.

In addition to the above comments, Plaintiff asserts that on two unspecified occasions, she was informed that there was "nothing to" her telemetry job and that a "monkey" could do it. ECF No. 21. Viewing the comments objectively, and in the absence of any other factual information as noted above, Plaintiff's allegations do not support a conclusion that these were race-based slurs as opposed to a familiar comment on the relative complexity of a task.

In the same vein, Plaintiff claims that she was told that she did not like to work with black women and therefore was assigned to work with white men, and that Plaintiff's presence "gives off a hostile environment". ECF No. 21. Viewed objectively, these comments do not establish that

she was subjected to discriminatory abusive treatment. The first comment on its face states that Plaintiff did not like working with black women, not that others did not like working with Plaintiff because she is black. Further, Plaintiff's factual allegations make no connection between the second comment regarding her "presence" and her race; viewed objectively it appears to be a comment suggesting only that Plaintiff was a difficult co-worker. Even if the comment were not a fair assessment of Plaintiff, as alleged in the Complaint it does not amount to an actionable Title VII discrimination claim.

Lastly, Plaintiff claims that she was called a "Louisiana voodoo ass." Again, there are no facts in the Complaint establishing when, where, and who made the comment. Even if the comment were construed as an oblique racial slur, as alleged in the Complaint the comment objectively amounts to only a "mere offensive utterance" that is insufficient to support a hostile work environment claim. *Allen*, 121 F.3d at 647.

In sum, accepting Plaintiff's factual allegations as true, the allegations are insufficient to state a plausible hostile work environment claim. The allegations are insufficient to establish that the conduct alleged was so pervasive or severe that it altered the terms and conditions of

employment and created a discriminatory abusive working environment.

*Miller*, 277 F.3d at 1275.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendant's Motion to Dismiss, ECF No. 22, should be **GRANTED** and this

case should be dismissed.

**IN CHAMBERS** this 18th day of September 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**