IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MEREACOS REED,

    Plaintiff,

v.                                                CASE NO. 1:16-cv-142-MW-GRJ

DEP'T OF VETERANS AFFAIRS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 42, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 40). Plaintiff has filed a response in opposition (ECF No. 45). For the reasons explained below, it is respectfully recommended that Defendant's motion to dismiss be denied.

### I. BACKGROUND

Plaintiff brings claims against the Department of Veterans Affairs (the "VA") under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff was initially represented by counsel in this case, but is now proceeding *pro se*. *See* ECF Nos. 1, 36. Plaintiff was employed as a Telemetry Technician at the Malcolm Randall Veterans Administration

Medical Center.  Plaintiff's First Amended Complaint, ECF No. 21, alleged that Defendant created a hostile work environment in violation of Title VII and that she was disciplined and ultimately terminated in retaliation for EEO activity, also in violation of Title VII.  ECF No. 21 at 3-4.  Defendant moved to dismiss the First Amended Complaint, arguing that Plaintiff's hostile work environment claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and that her retaliation claim should be dismissed for failure to exhaust administrative remedies because Plaintiff had an appeal of her termination pending before the Merit Systems Protection Board.  ECF No. 22.  Defendant did not argue that Plaintiff had failed to exhaust administrative remedies with respect to her hostile work environment claims.  *See id*.

    The Court dismissed Plaintiff's retaliation and termination claim for failure to exhaust administrative remedies.  The Court dismissed Plaintiff's hostile work environment claim without prejudice, with leave to file a Second Amended Complaint.  ECF No. 39.

    The Second Amended Complaint clarifies Plaintiff's hostile work environment claims.  Plaintiff, who is African-American, alleges that from August 23, 2012, through August 17, 2015, Plaintiff's coworkers, most of

whom were white, subjected Plaintiff to race-based harassment. Plaintiff contends that in or about December 2013, a white coworker "likened Plaintiff to less than a monkey," while complaining that she was not properly training another worker. The coworker stated that "even a monkey can do this job." ECF No. 40 at 3. Plaintiff complained to the coworker, and the next day he greeted her with the taunt "what's up monkey?" Plaintiff complained to her nurse manager, but no action was taken. The coworker subsequently told Plaintiff that "it does no justice to complain," and again reiterated that a monkey could do Plaintiff's job. *Id*.

Plaintiff alleges that she was repeatedly subjected to insults regarding her ethnic dialect. *Id*. at 4. Further she alleges that "[t]he notion that Black people are unclean was a frequent theme of the speech and behavior of Plaintiff's white coworkers." Plaintiff alleges that at least three times per day, from November 2014 to August 2015, five of her white coworkers would disinfect items that she had touched as soon as she left her workstation. The white coworkers did not similarly clean or disinfect items that had been touched by each other. Plaintiff alleges that during 2014 and 2015, on at least 60 occasions, two of her white coworkers, in her presence, stereotyped the African medical staff as "stinking" and not

bathing.  *Id*.

Plaintiff further alleges that because of her race and her "Louisiana roots," coworkers stereotyped her as being a practitioner of voodoo.  In May 2014, a coworker loudly called her a "Louisiana voodoo ass."  *Id*.  Plaintiff claims that on at least five occasions in 2015, one of the white coworkers, who habitually disinfected items she had touched, taunted Plaintiff because of her race with verbiage about hexes and voodoo dolls.  Plaintiff alleges that she had been warned about that coworker's "skinhead" background.  *Id*.

Plaintiff alleges that she complained to management about the foregoing conduct, but no remedial action was taken.  *Id*. at 5.

The VA first argues that Plaintiff's hostile work environment claim should be dismissed for failure to exhaust administrative remedies.  Defendant contends that the Second Amended Complaint contains "new" allegations that are barred because they are unexhausted.  Defendant contends, without identifying specific claims, that the allegations contained in the Second Amended Complaint "are not contained in the accepted claims by the EEOC."  Defendant then contends that Plaintiff fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  ECF No. 42.

## II.  STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a cause of action" are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570)). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

### III.  DISCUSSION

### A.  *Exhaustion of Administrative Remedies*

A federal employee must pursue and exhaust her administrative remedies as a prerequisite to filing a Title VII action. *See Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir.2008) ; 29 C.F.R. § 1614.105(a)(1).  A Plaintiff's complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Gregory v. Ga. Dept. of Human Res.*, 255 F.3d 1277, 1280 (11th Cir. 2004).  Claims in a complaint that "'amplify, clarify, or more clearly focus'" the allegations in the EEOC charge are permitted. *Gregory*, 255 F.3d at 1279 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

A district court may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment if (1) the document is central to plaintiff's claim, and (2) its authenticity is not challenged.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  Moreover, when considering a Rule 12(b) motion to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes as long as the

factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich,* 530 F.3d 1368, 1376 (11th Cir. 2008).

A comparison of the First and Second Amended Complaints reflects that most of the allegations of the Second Amended Complaint were included in the First Amended Complaint.  In the First Amended Complaint, Plaintiff alleged that her coworkers subjected her to race-based harassment, including using racial and ethnic slurs such as referring to Plaintiff as a "monkey" and calling her a "Louisiana voodoo ass," and mocking her accent.  ECF No. 21.  The Court finds that the Second Amended Complaint merely amplifies or clarifies these claims.  The only new facts asserted in the Second Amended Complaint concern Plaintiff's allegations that coworkers denigrated Plaintiff and other black employees by expressing the notion that black people were unclean and did not bathe. *See* ECF Nos. 21, 40.

To the extent that Defendant argues that claims in the Second Amended Complaint that were also included in the First Amended Complaint should be dismissed for failure to exhaust, the motion is not well-taken.  Fed. R. Civ. P. 12(g), governing "limitation on further motions,"

provides that a party presenting a defense to a claim for relief by motion "must not make another motion . . . raising a defense or objection that was available to the party but omitted from its earlier motion." As the advisory committee notes to the Rule explain, "[t]his required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case." Fed. R. Civ. P. 12(g) advisory committee's note (1966). The instant motion to dismiss would require this Court to engage in piecemeal litigation of an exhaustion issue that was available to Respondent when the original motion to dismiss was filed.

Further, the documents appended to Defendant's motion do not establish that the claims asserted in the Second Amended Complaint, including the new claims, were not within the scope of the EEOC investigation. In opposition to the motion to dismiss, Plaintiff contends that she should be afforded an opportunity to develop the record because "the issues that Plaintiff presented during the EEO investigation exceeded those that are contained in the exhibits to Defendant's motion." ECF No. 45 at 3.

Defendant's Exhibit 1 is a one-page form "Complaint of Employment Discrimination" that references "attached documents with dates." ECF No.

42-1.  There are no attachments, and the Exhibit sheds no light on the scope of the EEOC investigation of Plaintiff's complaints.

Defendant's Exhibit 2 is a February 27, 2015, letter addressed to Plaintiff from the VA with the subject "Notice of Amendment (2) of your EEO Complaint No. 2001-0573-2014104546, filed October 21, 2014."  This Exhibit references other documents, including Plaintiff's "amendment letter dated January 13, 2015," which included "a claim of hostile work environment consisting of eight events and two discrete acts[.]"  ECF No. 42-2 at 1.  Plaintiff's January 13, 2015, amendment letter is not included in the Exhibit.  The Exhibit states that based on Plaintiff's February 27, 2015, request to amend her complaint—which also is not included—Plaintiff's hostile work environment complaint based on race (Black) and national origin (United States/Creole), and reprisal was deemed to include eleven events, including a claim that a coworker told Plaintiff that it did no good to complain and that a monkey could do her job.  *Id*. at 3.  The Exhibit states that Plaintiff's hostile environment complaint "passes the severe and pervasive requirement for further processing," and Plaintiff's claim of harassment was accepted, as well as other claims that constituted "independent claims" of discrimination.  *Id.*  While this Exhibit thus sets out

eleven events deemed to constitute Plaintiff's hostile environment claim that were accepted for investigation as of February 2015, the Exhibit sheds no light on what additional acts or incidents Plaintiff may have sought to include by way of her amendment letters or subsequent amendment letters. The Second Amended Complaint alleges discrimination from August 23, 2012, through August 17, 2015. *See* ECF No. 40.

Defendant's Exhibit 3 is undated and consists of four pages of an "Investigative Report" from the VA's Office of Resolution Management. The Report appears to be incomplete because although it lists 38 events that are deemed to comprise Plaintiff's complaint, the Exhibit includes no pages of the Report beyond the list of events and a list of relevant documents. ECF No. 42-3. Further, this Report describes events *beginning* August 17, 2015, and continuing through July 2016, and therefore it is unclear whether it even pertains to the acts underlying the Second Amended Complaint. *See id.* To the extent Exhibit 3 is relevant to Plaintiff's claims in this case, it references eight "notice of amendment" letters submitted by Plaintiff through July 14, 2016. Those letters have not been provided to this Court. Because this Report is incomplete, its relevance to Plaintiff's Second Amended Complaint is unclear, and

Plaintiff's amendment letters have not been provided, this Exhibit sheds no light on whether Plaintiff exhausted the claims in the Second Amended Complaint before filing this case.

On this record, Defendant has failed to establish that Plaintiff did not administratively exhaust the claims asserted in the Second Amended Complaint.  The Court therefore concludes that the motion to dismiss for failure to exhaust should be denied.

### B.  Hostile Work Environment Claim

Defendant argues that Plaintiff has failed to state a *prima facie* case of hostile work environment because she has not shown that the alleged harassment was based on a protected characteristic and that the alleged harassment was severe or pervasive.  ECF No. 42 at 8-12.

To establish a prima facie case for a hostile work environment under § 1981, Plaintiff must show the following five elements:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment either under a theory of vicarious or of direct liability.

*Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

The requirement that the harassment be severe or pervasive contains both an objective and a subjective component. *Miller,* 277 F.3d at 1275 (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993)). "Thus, to be actionable, this behavior must result in both an environment 'that a reasonable person would find hostile or abusive' and an environment that the victim 'subjectively perceive[s] . . . to be abusive.'" *Id*. (quoting *Harris*, 510 U.S. at 21-22). In evaluating the objective severity of the harassment, the Court considers (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997) (citing *Harris*, 510 U.S. at 23). In general, isolated incidents or occasional abusive language will not amount to a hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Defendant first contends that Plaintiff has failed to allege that the conduct was based on a protected characteristic. Specifically, Defendant argues that Plaintiff's claim alleging that white coworkers stereotyped the

"African" medical staff as "stinking" and not bathing "has nothing to do with a protected characteristic of Plaintiff since she is African-American," and not African. ECF No. 42 at 8-9. The Court rejects this construction of Plaintiff's claim. It is obvious from Plaintiff's complaint as a whole that her claims are based on her *race* and that of the other black employees who were allegedly denigrated by white coworkers. *See* ECF No. 40.

Defendant next contends that Plaintiff's allegations do not show that the harassment was severe or pervasive. Liberally construing *pro se* Plaintiff's allegations and accepting them as true for the purposes of this motion, the Court finds that the allegations are sufficient to withstand a motion to dismiss.

Plaintiff alleges conduct that spanned a three-year period and that included referring to her as a "monkey," mocking her for her ethnic dialect, white coworkers treating her as though she were "unclean," stereotyping Plaintiff as a practitioner of voodoo, and taunting Plaintiff because of her race and ethnicity with verbiage about hexes and voodoo dolls. R. 40 at 4. These allegations are sufficient to state a claim that the conduct was so pervasive or severe that it altered the terms and conditions of employment and created a discriminatory abusive working environment. *Miller*, 277

F.3d at 1275.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 42, should be **DENIED**.

**IN CHAMBERS** this 18th day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**